CHARLES J. SCHUCK, Judge.
Claimant Maud Clark, the owner of a tract of land comprising about one and three-tenths acres, located at Avon-dale, McDowell County, West Virginia, and having erected thereon a three-room cottage, alleges that employes of the state road commission, notwithstanding her protests and while engaged in constructing and rebuilding a nearby secondary public road, wrongfully took and removed from her said property and premises a large amount of sand, gravel, stone and ground, which materials were used in the building and construction of said road, and for which she was never compensated. Her claim for materials and damages as alleged is in the amount of $3,769.00. The work on the road in question, and the taking of the said materials, was carried on during the months of October and the beginning of November, 1947, and embraced a period of from four to six weeks. That the said materials were improperly and wrongfully taken is virtually admitted and the sole question for our determination is the amount of the dam *163 age due claimant, and which should be paid m full settlement of her claim.
The testimony as offered showed a marked variance in the amount of materials taken, their value, and further damages, if any, to claimant’s property. Several witnesses maintained that over 9000 cubic yards of said building materials had been removed, while others testified that approximately 1000 cubic yards had been taken; so, too, did the price or worth of the materials differ approximately from twenty cents to $1.00 per cubic yard. Claimant also claimed $1000.00 for future damages caused by the wrongful actions of road commission agents and employes, although in this respect her testimony seemed to be a mere hazard or guess. The property when purchased some years ago cost slightly in excess of $1000.00 and the part of the tract under cultivation was not interfered with in any manner by the actions of the state’s agents and employes. A splendid, strong concrete bridge had been erected, within the last few years, by the state, close to claimant’s property, which undoubtedly has enhanced its value and made it more accessible for all purposes than before.
Appreciating the problems presented by the testimony and desiring to learn at firsthand the real facts, the members of the court took a view of the land involved and of the surrounding conditions, and from such investigation and again considering the testimony as a whole, determined that the sum of $500.00 would be a just and full compensation to claimant for all damages suffered by her. We are of the opinion that a fair price per ton based on claimant’s selling price to others generally, for the same materials as shown by the testimony, would be about forty cents, and that approximately 1000 to 1200 tons had been taken or removed, thus fixing the value of the claim at $500.00.
Accordingly, we are of the opinion, in the light of all facts and testimony presented and governed further by *164 our own personal view and investigation, that the state is bound to make restitution to claimant, and recommend an appropriation to her in the sum of five hundred dollars ($500.00) in full settlement of all past, present and future damages or claims caused by said wrongful acts of the said agents and employes of the state.